O’NIELL, Chief Justice
(dissenting).
My reason for considering that Act No. 27 of the Second Extra Session of 1934 is more in the nature of adjective law than of substantive law is that, under article 160 of the Civil Code, .before it was amended by this statute, the wife was entitled to alimony if she obtained a judgment of divorce on the ground that she and her husband had been living separate and apart for a specified period of time, or on any other ground. All that the statute did was to say that it made no difference, when the divorce was granted on the ground of separation for a specified period of time, whether the decree was obtained by the husband or by the wife, whether she was the plaintiff or the defendant in the suit. The judgment awarding the wife alimony in this case was not null in any sense. In fact, the only reason why it was not a correct judgment was that the wife was not the plaintiff but the defendant in the suit — that the judgment of divorce was obtained not by her but by her husband. The effect of the judgment, however, was the same as if it had been obtained by the wife, as .far as the divorce was concerned; and the Legislature realized *926 and declared that it would make no difference as to the right of the wife to receive alimony, whether her position in the suit was that of plaintiff or that of defendant. A statute declaring that there is no difference in that respect is not substantive legislation and .ought to have its effect upon a suit pending on appeal when the statute is enacted.